[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this action has filed a motion to dissolve or modify a prejudgment remedy granted without hearing which resulted in an attachment in the amount of $191,252.44 on funds held by the garnishee Pratt and Whitney Corp.
At a hearing held to determine whether probable cause exists to sustain the validity of the claim, the evidence has established the parties entered into a contract on May 29, 1990. The defendant as the general contractor for a Waterbury school project CT Page 9513 contracted with the plaintiff as a subcontractor to perform services for the agreed sum of $210,340.00. The project was substantially completed by the general contractor by December 21, 1990 and the City of Waterbury paid the general contractor the sum of $449,171.54 and continues to hold $46,934.24 as retainage and for some minor work to be completed. The plaintiff had fully performed its services as a subcontractor and it contends that as of August 31, 1990 the balance owed on the contract was $182,521.05 plus interest from that date of 18% per annum under Article 13 of the contract.
The defendant introduced evidence to establish that the plaintiff and defendant corporations were involved in several other jobs, and that payments from this contract were applied toward the other jobs. The defendant's comptroller however testified that from a computer printout (Def. Exh. 3) that the defendant presently owes the plaintiff $142,134.44 toward this project. This sum is arrived at by the defendant by deducting payments of $68,205.56 from the contract price of $210,340.00.
Based on the evidence presented, this court concludes that pursuant to 52-278 (1) subdivision (2) of subsection (a) that there was probable cause to believe grounds exist under (D) and (E) that the defendant has fraudulently disposed of its property with intent to hinder, delay or defraud the plaintiff, and further that the defendant has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of this debt. Therefore pursuant to subsection (c) of the above statute the prejudgment remedy shall remain in effect, but it is modified to $160,000.00.
Zoarski, J.